IN THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OVEN PRODUCTIONS, INC., d/b/a<br>19th & GRAND RECORDS,<br><br>    Plaintiff,<br><br>v.<br><br>REVIVER ENTERTAINMENT GROUP, LLC,<br>REVIVER RECORDS, LLC, and<br>REVIVER LABEL SERVICES, LLC,<br><br>    Defendants. | Civil No. 3:20-cv-00786<br>JURY DEMAND<br><br>JUDGE CRENSHAW<br>MAGISTRATE JUDGE HOLMES |

## ANSWER TO COMPLAINT

Defendants Reviver Entertainment Group, LLC, Reviver Records, LLC, and Reviver Label Services, LLC (hereinafter, "Defendants") respectfully submit their Answer and Affirmative Defenses to the Complaint of Plaintiff Oven Productions, Inc., d/b/a 19th & Grand Records ("Plaintiff") as follows:

### PARTIES

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that Reviver Entertainment Group, LLC is a Delaware limited liability and aver that Reviver Entertainment Group, LLC has an office located at 139 East Northfield Road, Livingston, New Jersey and its registered agent is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint, except admit that Reviver Records, LLC is a Delaware limited liability and aver that Reviver Records,

1

LLC has an office located at 139 East Northfield Road, Livingston, New Jersey.

4. Defendants admit that Reviver Label Services, LLC is a Delaware limited liability company and aver that Reviver Label Services, LLC has an office located at 139 East Northfield Road, Livingston, New Jersey and its registered agent is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the court to the contract referenced in Paragraph 7 for its true intent and meaning and otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendants respectfully refer the Court to the Agreement, as defined in the Complaint, for its true intent and meaning as to the allegations contained in Paragraph 9 of the Complaint.

10. Defendants respectfully refer the Court to the Agreement, as defined in the Complaint, for its true intent and meaning as to the allegations contained in Paragraph 10 of the

Complaint.

11. Defendants respectfully refer the Court to the Agreement, as defined in the Complaint, for its true intent and meaning as to the allegations contained in Paragraph 11 of the Complaint.

12. Defendants respectfully refer the Court to the Agreement, as defined in the Complaint, for its true intent and meaning as to the allegations contained in Paragraph 12 of the Complaint.

13. Defendants respectfully refer the Court to the Agreement, as defined in the Complaint, for its true intent and meaning as to the allegations contained in Paragraph 13 of the Complaint.

14. Defendants respectfully refer the Court to the Amendment, as defined in the Complaint, for its true intent and meaning as to the allegations contained in Paragraph 14 of the Complaint.

15. Defendants respectfully refer the Court to the Amendment, as defined in the Complaint, for its true intent and meaning as to the allegations contained in Paragraph 15 of the Complaint.

16. Defendants respectfully refer the Court to the Amendment, as defined in the Complaint, for its true intent and meaning as to the allegations contained in Paragraph 16 of the Complaint.

17. Defendants respectfully refer the Court to the Amendment, as defined in the Complaint, for its true intent and meaning as to the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants respectfully refer the Court to Exhibit 3 of the Complaint for its true intent and meaning, and otherwise deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants respectfully refer the Court to Exhibit 4 of the Complaint for its true intent and meaning and otherwise deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint, except admit that on or about October 18, 2019, a payment was made to Plaintiff.

24. Paragraph 24 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the referenced February 25, 2020 correspondence for its true intent and meaning, and otherwise deny the allegations contained in Paragraph 24, except aver that a payment was made on March 12, 2020.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

## COUNT ONE

## BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

26. Defendants incorporate by reference their responses to the preceding Paragraphs as if fully set forth herein.

27. Paragraph 27 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

## COUNT TWO

## DECLARATORY JUDGMENT

35. Defendants incorporate by reference their responses to the preceding Paragraphs as if fully set forth herein.

36. Paragraph 36 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint alleges legal conclusions to which no response is

required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 38 of the Complaint.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to the relief sought and demand judgment in their favor, dismissing the Complaint in its entirety, with prejudice, and awarding their costs, attorney's fees, and such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or ratification.

### Third Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrines of acquiescence, acceptance and estoppel.

### Fourth Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiff's damages, if any, were caused by Plaintiff.

### Fifth Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrine of unjust enrichment.

### Sixth Affirmative Defense

The Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate its damages, if any.

## Seventh Affirmative Defense

The Complaint is barred, in whole or in part, by Plaintiff's breach of contract or comparative fault, recklessness and/or culpable conduct of Plaintiff. Plaintiff is not entitled to judgment and, pleading in the alternative, any award or judgment in favor of Plaintiff must be offset by amounts owed by Plaintiff to Defendants pursuant to relevant agreements.

## Eighth Affirmative Defense

Defendants reserve the right to assert any separate additional defenses that are supported by information or facts obtained through discovery or by other means during this case and expressly reserve the right to amend their Answer to assert such separate and additional defenses in the future.

**WHEREFORE**, the Defendants respectfully request that the Court enter a judgment as follows:

A. Dismissing the Complaint in its entirety, with prejudice;

B. Reimbursing the costs and expenses of Defendants in this action, including reasonable attorney's fees; and

C. Granting Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Bradley L. Henry*
Bradley L. Henry (*pro hac vice* admission pending)
Tennessee State Bar No. 025447
Michelman & Robinson, LLP
800 Third Avenue, 24th Floor
New York, New York 10022
Tel: (212) 730-7700
Fax: (212) 730-7725
bhenry@mrllp.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Answer was served via CM/ECF to:

Jeffrey M. Beemer, Esq.
Kevin M. Doherty, Esq.
Taylor I. Bearman, Esq.
Dickinson Wright PLLC
424 Church Street
Nashville, TN 37219

This 13th day of November, 2020.

                                      */s/ Bradley L. Henry*
                                      Bradley Henry